**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JENNIFER LEE PUGH,

     Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

     Defendants.

Case No.: 1:25-cv-11486

Judge Elaine E. Bucklo

Magistrate Judge Laura K. McNally

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR DEFAULT AND DEFAULT JUDGMENT [34]-[35]**

This Court should deny Defendant No. 44 WADECXB's Motions [34] and [35][1] in

Opposition to Plaintiff's Motion for Default and Default Judgment [30] ("Defendant's

Opposition") and grant Plaintiff's Motion to Strike [39].

Defendant's Opposition is riddled with artificial intelligence ("AI") hallucinations,

fabricated legal propositions, and unsupported factual assertions. It provide no credible argument

or legitimate basis in law to support its attempt to sidestep its procedural default and avoid default

judgment. Additionally, the Temu store record shows the owner is a company named

"Putianshilichengqupujingbaihuoshangxing (getigongshanghu)," not "Cai Xin." *See* **Exhibit 1**

(Evidence of infringement). Thus, the individual "Cai Xin" is improperly litigating and seeking

unwarranted relief on the company's behalf. *See* [39-1] (orders from other courts in this District

advising that pro se individuals cannot litigate on behalf of a corporate entity).

On the merits, the record is clear: Defendant blatantly infringed Plaintiff's rights by

reproducing and publicly displaying Plaintiff's copyrighted work on Temu without authorization

to solicit sales from U.S. and Illinois consumers for illicit profit. Defendant's storefront advertised

---

[1] Defendant's Oppositions filed at Dkt. No. 34 and Dkt. No. 35 are identical to one another.

infringing goods in English, quoted prices in U.S. dollars, and expressly stated that the product would ship from a "Local Warehouse" near Chicago, Illinois:

| Plaintiff's Copyrighted Work Protected by U.S. Copyright Reg. No. VA 2-423-404 | From Defendant's Infringing Product Listing |
|---|---|
|  | |

*See* [1] at ¶ 5, [1-1] at 2-3; **Exhibit 1**.

This was not mere "testing," as Defendant now claims – it was targeted commercial activity, designed to generate sales from U.S. and Illinois consumers using Plaintiff's copyrighted artwork. Defendant's conduct violated Plaintiff's exclusive rights of reproduction and public display under 17 U.S.C. § 106 and constitutes actionable infringement under § 501. Defendant argues that it did not intend to infringe, but a lack of intent is not a valid defense to copyright infringement. And while the Parties engaged in settlement negotiations, Seventh Circuit and Northern District of Illinois case law confirm that such discussions do not excuse Defendant from its litigation obligations – including filing formal appearances and objections with the Court.

Therefore, this Court should strike Defendant's Opposition or deny Defendant's Opposition in its entirety. No good cause has been articulated or established for Defendant's lack of diligence, and no meritorious defense has been presented. Accordingly, and for the reasons provided in Plaintiff's Motion for Default and Default Judgment [30], this Court should enter default and default judgment against the Defendant in the amount of $100,000 for willful copyright infringement under 17 U.S.C. § 504(c)(2).

**BACKGROUND**

Defendant was served pursuant to the Temporary Restraining Order [19] ("TRO") on

October 10, 2025. [28]. Defendant then contacted Plaintiff's counsel for the first time on October

24, 2025, one week before the October 31 deadline to respond. *See* **Exhibit 2**. Despite having been

formally served with notice and engaging in settlement negotiations with Plaintiff, Defendant still

failed to answer, failed to request any extension, and failed to participate in the litigation until after

Plaintiff filed her Motion for Entry of Default and Default Judgment [30] on November 5, 2025.

Notably, Defendant's Opposition admits that "[v]enue is proper in this District under 28 U.S.C. §

1391." *See* [34]-[35]. Given, however, Defendant's improper pro se representation of the entity in

control of the Temu store, Plaintiff moved to strike the Defendant's filings and requested that the

Court require a proper appearance and compliance with Local Rule 3.2. *See* [39].

**ARGUMENT**

I.   **The Court Should Strike Defendant's Opposition [34]-[35] because Defendant
     Fabricated Authority in Order to Obtain Relief**

The Seventh Circuit has been clear that lying to the Court to obtain relief is serious

misconduct: "a dismissal with prejudice is an appropriate sanction for lying to the court to receive

a benefit from it, because no one needs to be warned not to lie to the judiciary." *See Sanders v.

Melvin*, 25 F.4th 475, 481 (7th Cir. 2022); *Rosa v. Board of Trustees of University of Illinois*, No.

18-cv-8477, 2024 WL 4800764, at *7-8 (N.D. Ill. Oct. 9, 2024); *see also Rivera v. Drake*, 767 F3d

685, 686 (7th Cir. 2014) (noting that perjury is "among the worst kinds of misconduct.").

Here, Defendant supports its remaining positions with legal propositions and quotations

that are simply invented. For example:

| Claimed Legal Proposition by Defendant | What the Citation Actually Said |
|---|---|
| "If a defendant engages in substantive communications with Plaintiff's counsel | Nowhere in *NBA Properties v. HANWJH*, 46 F.4th 614 (7th Cir. 2022), does the Seventh |

Case: 1:25-cv-11486 Document #: 44 Filed: 11/26/25 Page 4 of 15 PageID #:293


| | |
|---|---|
| regarding case disputes and provides evidence to refute the Plaintiff's claims, the defendant shall be deemed to have fulfilled the obligation to 'defend,' even if no formal answer is filed." (See *NBA Properties, Inc. v. HANWJH*, Case No.: 21-2909, 2022 WL 3367823, at *7*.)" | Circuit provide that communications with plaintiff's counsel fulfills a defendant's obligation to "defend" even where no formal answer is filed.<br><br>*NBA Props.*, 46 F.4th 614, at * 7, is an analysis of the "purposeful direction" element for establishing personal jurisdiction. |
| "See also *Elizabeth's Studio LLC v. Unincorporated Associations*, Case No.: 25-cv-05544 (N.D. Ill. July 9, 2025)—in that case, the Court denied the Plaintiff's motion for default judgment on the ground that the "defendant had provided evidence of zero sales," which is highly factually analogous to this case."" | The court in *Elizabeth's Studio LLC v. the P'ships et al.*, No. 25-cv-05544 (N.D. Ill. July 9, 2025) did not deny the plaintiff's motion for default judgment for the reasons provided by Defendant.<br><br>The opposite occurred. On July 9, 2025, the court there entered a default and default judgment order against the defendants identified in the First Amended Schedule A [39], awarding $100,000 in statutory damages. *See* **Exhibit 3** (copies of those orders). |
| ""This Court clearly stated in *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423 (7th Cir. 2010): "For claims lacking factual basis and intended solely to pressure the opposing party, the Court has the authority to deny the claims and impose sanctions on the Plaintiff."" | Nowhere in *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421 (7th Cir. 2010) did the Seventh Circuit hold that courts have the authority to deny claims and impose sanctions on a plaintiff when the claims are lacking a factual basis and intended solely to pressure an opposing party.<br><br>*uBID, Inc.*, 623 F.3d at 423, identifies the attorneys and law firms involved in the case and provides a short summary of the claims brought, the holding of the district court, which was appealed, and the conclusion of the Seventh Circuit which concerned personal jurisdiction. |
| ""The Defendant's use of the patterns was "unintentional collection and test listing." There was no intent to "continue selling with knowledge of infringement," nor any "reckless disregard" for the Plaintiff's rights (see *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994))."" | *Wildlife Exp. Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994) concerns the introduction of the Seventh Circuit's analysis of a willfulness argument, but does not support Defendant's proposition that its "unintended" use of Plaintiff's artwork for a "test listing" was not willful. |

*See* [34]-[35].

As shown above, none of the Defendant's cited legal authorities says what the Defendant claims they say, nor do they support the legal propositions the Defendant attempts to establish. The cited quotations appear to be AI-generated hallucinations dressed up as authority.

Moreover, Defendant's claim of "no sale", as asserted in its recently filed exhibits ([42]-[43]), is directly contradicted by the "68 Sold" figure shown on its infringing listing:



*See* **Exhibit 1**.

The "GoodsId" shown on Defendant's exhibits further does not have any product identifiers on it, and it does not match the "Item ID" shown on Defendant's Temu Storefront:

| "GoodsId" from Defendant's Exhibit at [43] | "Item ID" from Defendant's Infringing Listing |
|---|---|
| GoodsId 601101549301048 | Item ID: NX3482621 (Copy) |

*See* **Exhibit 1**; [43] at 2.

Defendant's willingness to present fabricated law, misquoted authority, and contradictory facts underscores the bad faith and weighs heavily against any equitable leniency. Therefore, the Court should strike Defendant's Opposition or deny in its entirety for lying to the Court.

**II.     The Court should enter Default Judgment against Defendant**

Plaintiff's Motion [30] and the accompanying Memorandum in Support [34] have articulated sufficient grounds to grant default judgment. All relevant factors remain unchanged.

To set aside a default, the moving party must show: "(1) 'good cause' for its default, (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original complaint." *GZ Long Ya Trading Co. v. P'ships & Unincorporated Assoc. Identified on Schedule "A"*, No. 24 C 4193, 2025 WL 622926, at *3 (N.D. Ill. Feb. 26, 2025). "These same requirements,

although more strictly applied, must be met to set aside a default judgment under Rule 60(b)." *Id.* And while courts consider the principle of favoring a trial on the merits over a default judgment, relief from a judgment under Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances." *Chapter 4 Corp. v. the P'ships et al.*, No. 20 C 6115, 2021 WL 1906461, at *1 (N.D. Ill. May 12, 2021) (citing *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009)). Defendant has not met any of the requirements to set aside its procedural default. It has shown no good cause, took no quick action to remedy its default, and offers no meritorious defense to Plaintiff's copyright infringement claim.

**A. Defendant's Baseless Arguments Fail to Establish Good Cause under Rule 60(b)**

Defendant argues that there is an "absence of infringement," and that Plaintiff's copyright infringement claim "lack[s] factual basis." *See* [34]-[35]. The record shows the opposite:

| Plaintiff's Copyrighted Work Protected by U.S. Copyright Reg. No. VA 2-423-404 | From Defendant's Infringing Product Listing |
|---|---|
|  |  |

*See* **Exhibit 1**.

To state and prove a claim for infringement under the Copyright Act (17 U.S.C. §§ 101 et seq.), a plaintiff must show that: (1) it owns a valid copyright, and (2) that the defendant copied the constituent elements of the work that are original. *JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007). Plaintiff has done both. First, Plaintiff owns the valid U.S. Copyright Registration protecting the artwork infringed by Defendant, and attached that registration to the Complaint. *See* [1] at ¶¶ 5, 19; [1-1]. This registration is "valid, subsisting, and in full force and

effect." *Id.* at ¶ 19. Defendant does not dispute that Plaintiff owns this registration, and the registration itself constitutes *prima facie* evidence of validity and originality. *See* 17 U.S.C. § 410(c). Second, Defendant unlawfully reproduced and displayed Plaintiff's copyrighted artwork on an unauthorized product and listing on Temu. *See* **Exhibit 1**. The side-by-side comparison shown above of Plaintiff's work and Defendant's product listing leaves no room for doubt that Defendant copied Plaintiff's artwork and used it in a commercial listing for display to U.S. consumers. Defendant even admits at one point to using Plaintiff's copyrighted work. *See* [34]-[35] ("Although the Defendant once listed products containing the disputed patterns…").

Defendant, however, insists, without transaction-level documentary proof, that Plaintiff's copyright claim fails because allegedly there was "no sale" and, therefore, caused no harm. But the Copyright Act does not require proof of a sale to establish infringement. The act of reproducing and publicly displaying Plaintiff's artwork on Defendant's U.S.-facing Temu listing is itself actionable copyright infringement. *See* 17 U.S.C. §§ 106(1) and (5), 501(a). Federal courts consistently recognize that uploading and displaying an infringing image online constitutes actionable infringement the moment it appears, regardless of whether a consumer purchases anything. *See Bell v. Merchants Bank of Indiana*, 456 F.Supp.3d 1046, 1050-51 (S.D. Ind. Apr. 27, 2020); *Hunley v. Instagram, LLC*, 73 F.4th 1060 (9th Cir. 2023). Thus, when Defendant displayed Plaintiff's copyrighted image on its Temu storefront, it committed infringing acts inside the United States.

The resulting harm – lost licensing opportunities, consumer confusion, and damage to Plaintiff's goodwill in the U.S. market – flows from that unauthorized use. *See Liu v. Price Waterhouse LLP*, No. 97 CV 3093, 2000 WL 1644585, at *3 (N.D. Ill. Oct. 30, 2000) (In discussing lost licensing damages, stating that "*Deltak*[*, Inc. v. Adv. Sys., Inc.*, 767 F.2d 357 (7th

7

Cir. 1985)] held that a plaintiff may recover profits for infringing uses of copyrighted material other than the actual sale of the infringing material"); *Cyber Websmith, Inc. v. Am. Dental Ass'n*, No. 09-CV-6198, 2010 WL 3075726, at *3 (N.D. Ill. Aug. 4, 2010) ("consumer confusion and deception have been held to be inherently present in any copyright action"); *Smart Cookie Home Essentials Inc. v. P'ships et al.*, No. 1:21-CV-1149, 2021 WL 2627771, at *2 (N.D. Ill. Mar. 31, 2021) (holding that the Defendants' continued and unauthorized use of the…copyright irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales).

Defendant's "lack of intent" argument provides no defense to copyright infringement. *See Buck v. Jewell-La Salle Realty Co.*, 283 U.S. 191, 198 (1931) (holding that the "intention to infringe is not essential under the [Copyright] [A]ct…[a]nd knowledge is…immaterial."). Defendant's arguments regarding statutory damages fare no better. Defendant claims that Plaintiff "fails to satisfy the principle under 17 U.S.C. § 504(c) that 'statutory damages must be based on infringement profits'" – yet no such principle exists in 17 U.S.C. § 504(c). Section 504(c) authorizes statutory damages "instead of actual damages and profits" and sets ranges that are not dependent on proof of profits at all. *See* 17 U.S.C. § 504(c)(1)-(2). In fact, courts have confirmed that statutory damages serve precisely to compensate and deter where actual damages or profits are difficult to quantify. *See Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229-30 (7th Cir. 1991) ("Indeed, district courts enjoy wide discretion in awarding fees and may consider various factors such as 'the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future copyright infringement.'"); *Sands, Taylor & Wood v. Quaker Oats Co.*, 34 F.3d 1340, 1348 (7th Cir. 1995); *Holbrook Mfg LLC v. Rhyno Mfg. Inc.*, 497 F. Supp. 3d 319, 334 (N.D. Ill. 2020)

(holding that harm alleged by Plaintiff is not fully compensable by money damages because actual damages based on consumer confusion and the loss of consumer good will are difficult to quantify).

On this record, therefore, Defendant has not carried its burden to show any "good cause" for its default or any legitimate substantive basis to resist default judgment.

### B. Defendant Has Not Shown Mistake, Inadvertence, Surprise, or Excusable Neglect to Warrant Relief under Rule 60(b)(1)

Rule 60(b)(1) allows a court to relieve a party from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The rule establishes "a high hurdle for parties seeking to avoid default judgments and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a default judgment." *GZ Long Ya Trading Co.*, No. 24 C 4193, 2025 WL 622926, at *3 (citing *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994); *Chapter 4 Corp.*, 2021 WL 1906461 at *1; *Baker v. OptionIT, Inc.*, No. 1:15-cv-2044, at *2 (N.D. Ill. Dec. 17, 2015). "Relief from default judgment will be granted only where actions leading to default were not willful, careless, or negligent, also referred to as 'excusable neglect'" *Id.*, 2025 WL 622926 at *3 (citing *Arwa Chiropractic*, 961 F.3d at 949). The Seventh Circuit has indicated many times that "Rule 60(b)(1)'s reference to excusable neglect "does not offer relief from the consequences of negligence or carelessness. Rather, it requires some justification for an error, beyond a mere failure to exercise due care." *Big Sky Music Co. v. George F. Mueller & Sons, Inc.*, No. 89 C 4163, 1990 WL 37711 (N.D. Ill. Mar. 26, 1990) (citing *Lamas and Nettleton Co. v. Wisely*, 884 F.2d 965, 967 (7th Cir. 1989

Here, Defendant cannot credibly claim mistake, surprise, or inadvertence. Defendant was properly served pursuant to the TRO on October 10, 2025. *See* [28]. By October 24, 2025 – one week before the October 31 answer deadline – Defendant had contacted Plaintiff's counsel and

acknowledged the lawsuit. Yet Defendant failed to file an appearance, failed to answer or move to dismiss, and failed to request additional time from the Court. Only after Plaintiff filed her Motion for Entry of Default and Default Judgment [30] on November 5, 2025, did Defendant file its Motion pro se, attempting to contest the case while refusing to obtain U.S. legal counsel for the entity owning the Temu store. That is not consistent with excusable neglect; it is a conscious decision to ignore procedural obligations until faced with the prospect of default.

The fact that the Defendant conducted settlement negotiations with Plaintiff does not excuse them from the obligations of litigation. *See Guangzhou Luck Com. Co. v. Individuals, Partnerships, & Unincorporated Associations on Schedule "A"*, No. 23 C 1876, 2024 WL 5501405, at *7 (N.D. Ill. Sept. 30, 2024); *Simon v. Pay Tel Mgmt., Inc.*, 782 F. Supp. 1219, 1226 (N.D. Ill. 1991) ("[T]he mere existence of such negotiations, without more, does not excuse the parties from attending court appearances and otherwise complying with the Court's orders."), *aff'd*, 952 F.2d 1398 (7th Cir. 1992). Defendant's choice to negotiate while ignoring the Court's deadlines does not transform simple inaction into excusable neglect.

Defendant's submissions only underscore this point. Rather than offering a concrete explanation for missing the response deadline, Defendant relies on AI-generated "authority," fabricated quotations, and an improper pro se attempt to litigate on behalf of the legal entity operating the infringing Temu store. This is not a justification for error; it is further evidence of disregard for the Court's rules and the integrity of the judicial process.

Accordingly, Defendant has not carried its burden to show mistake, surprise, or excusable neglect. This Court should therefore reject any request for relief under Rule 60(b)(1) and should not disturb Plaintiff's request for default and default judgment.

**C. Defendant Failed to Act Promptly to Prevent Default**

10

As a general matter, an appearance "requires a presentation or submission to the court where the lawsuit is pending." *North Central Illinois Laborers' Dist. Council v. S.J. Groves & Sons Co.*, 842 F.2d 164, 168 (7th Cir. 1988). While an appearance does not necessarily "require the filing of responsive papers or actual in-court efforts," it does require, at minimum, that the defendant engage in some sort of conduct clearly indicating an intent to defend the suit. *Id.* at 169 (collecting authorities); *see also, e.g., Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n*, 874 F.2d 274, 276 (5th Cir.1989) (noting that an appearance is made by "'acts on [a] defendant's part which...give plaintiff a clear indication of defendant's intention to contest the claim'").

Here, Defendant did not act with reasonable promptness in engaging in any action which would have clearly indicated to the Court an intent to defend this suit. Defendant was properly served on October 10, 2025. *See* [28]. Defendant acknowledged the lawsuit when it contacted Plaintiff's counsel by October 24, 2025, - one week before the October 31 response deadline. Yet, Defendant still did not file an appearance, did not answer or move to dismiss, and did not request an extension from the Court before the deadline expired. It was only after Plaintiff moved for entry of default and default judgment on November 5, 2025, that Defendant made any filing on the docket, filing its Motion pro se on behalf of the entity operating the Temu storefront without obtaining U.S. legal counsel. A party that knowingly chooses not to respond or abide by the judicial process, despite having every opportunity to do so, cannot treat a belated, procedurally improper opposition as a fallback once default proceedings are underway. Defendant's failure to act promptly is fatal to its request for relief, and the Court should deny relief on this ground as well.

### D. Defendant Has Failed to Present a Meritorious Defense in the Face of Clear and Willful Copyright Infringement

A meritorious defense must at least raise a serious question regarding the propriety of a default judgment and be supported by a developed legal and factual basis. *Wehrs v. Wells*, 688

F.3d 886, 890 (7th Cir. 2012). A general denial of the complaint's allegations, without any factual

support, is insufficient to state a meritorious defense. *Id.* at 891. Courts require more than a general

denial and bare legal conclusions. *Id.* (quoting *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28

F.3d 42, 46 (7th Cir. 1994)). It would hardly further the interests of either justice or judicial

economy to vacate a default judgment if the defendant had no defense to the plaintiff's claims. *See*

*WPS Energy Servs. v. Ravenna Aluminum, Inc.*, 2007 U.S. Dist. LEXIS 41334, at *10 (E.D. Wis.

2007) (denying motion to vacate default judgment under Fed. R. Civ. P. 60(b)).

As explained in Section II.A., *supra*, Plaintiff has already established the elements of

copyright infringement. Defendant does not dispute that Plaintiff owns the valid U.S. copyright

registration protecting the artwork at issue, nor the validity of the registration certificate attached

to the Complaint. *See* [1] at ¶ 5; [1-1] at 2-3. Defendant reproduced and displayed Plaintiff's work

without permission, and even at one point admitted that "[it] once listed products containing the

disputed patterns…," (*see* [34]-[35]), in direct violation of Plaintiff's exclusive rights. Defendant's

conduct, therefore, constitutes willful copyright infringement warrants statutory damages under 17

U.S.C. § 504(c). *See Chi-Boy Music*, 930 F.2d at 1229; *In re Aimster Copyright Litig.*, 334 F.3d

643, 650 (7th Cir. 2003); *see also Bell*, 456 F.Supp.3d at 1050-51. Defendant's unlawful

reproduction and public display of Plaintiff's copyrighted work appeared on Temu alongside text

notifying Illinois consumers that the products will ship from a "Local Warehouse." *See* **Exhibit 1**.

That display caused direct harm in the forum, not only by infringing Plaintiff's rights, but by

misleading consumers into purchasing pirated products and damaging Plaintiff's goodwill and

market position. That harm is cognizable and supports both liability and statutory damages.

Defendant offers no other factual or legal basis that could constitute a viable defense. Its

plea for relief boils down to a mistaken belief that "test listings" somehow immunize infringement.

12

They do not. Defendant unlawfully reproduced and displayed Plaintiff's copyrighted works without authorization and stood ready, willing, and able to deliver its advertised pirated products to U.S. and Illinois consumers through "local warehouses" near Chicago, Illinois addresses upon placement of an order. *See* **Exhibit 1**. Defendant's conclusory assertions of having made no infringing sales, which it tries to substantiate through hand-picked screenshots unsupported by any transaction-level proof (*see* [42]-[43]), are directly contradicted by its "68 Sold" sales figure shown on its Temu storefront, which Defendant failed to address or provide any detailed records for. *See id.* The "GoodsId" shown on Defendant's exhibits also does not have any product identifiers on it, and does not match the "Item ID" shown on Defendant's Temu storefront. *See* **Exhibit 1**; [43] at 2. Defendant further provides no explanation or transaction logs for the two additional stores shown under its control, which may have sold additional infringing products. *See* [43] at 2. Moreover, Defendant's "lack of intent" argument provides no defense against copyright infringement. *Buck*, 283 U.S. at 198. Defendant, therefore, has no credible or viable defense.

To the extent this Court credits any of Defendant's claims, Plaintiff is entitled to test those assertions through discovery, especially where the only evidence produced are untested verbal claims and unsubstantiated screenshots. *See e.g., Wham-O Holding, LTD., et al. v. The Partnerships, et al.*, 22 C 0050 (N.D. Ill. 2022) (Sept. 7, 2022, hearing transcript, at 3:20-7:3) (In addressing the defendant's motion to vacate default judgment, stating that "…if [defendant] is going to submit what amounts to testimony, the [plaintiff] is entitled to an opportunity to test that…") (attached as **Exhibit 4**); *Wham-O Holding, LTD., et al. v. The Partnerships, et. al.*, 20 C 4196 (N.D. Ill. 2020) (July 25, 2022, hearing transcript, at 5:12-23) (In granting the plaintiff's motion to stay the defendant's motion to vacate default, stating "[p]art of procedural due process is you don't get to submit unquestioned evidence…if the defendant wants me to consider the

affidavit, which is basically testimony, the plaintiff is entitled to attempt to counter that") (attached

as **Exhibit 5**).

In all, Defendant has not presented any cognizable legal theory or factual showing that

would constitute a meritorious defense. Its willful infringement is not in dispute, and it has failed

to present any legitimate justification for its unauthorized use of Plaintiff's copyrighted works.

Assertions of "test listings" do not negate liability, and unsupported, contradictory claims of no

sales fall far short of the evidentiary burden necessary to justify vacating a judgment. Without any

developed legal or factual defense to the claim of willful copyright infringement, Defendant has

failed to meet the third requirement for relief under Rule 60(b).

**CONCLUSION**

For these reasons, and for the reasons provided in Plaintiff's Motion for Entry of Default

and Default Judgment [30], the Court should strike Defendant's Opposition [34]-[35] or deny

Defendant's Opposition [34]-[35] in its entirety for lying to the Court, and enter default and a

default judgment of $100,000 in statutory damages under 17 U.S.C. § 504(c).

DATED: November 26, 2025                         Respectfully submitted,

                                                 */s/ Keith A. Vogt*
                                                 Keith A. Vogt
                                                 FL Bar No. 1036084/IL Bar No. 6207971
                                                 Keith A. Vogt PLLC
                                                 15275 Collier Boulevard, Ste. 201-2061
                                                 Naples, Florida 34119-6750
                                                 Telephone: 312-971-6752
                                                 E-mail: keith@vogtip.com

                                                 ***ATTORNEY FOR PLAINTIFF***

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on, November 26, 2025, with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

*/s/ Keith A. Vogt*
Keith A. Vogt